**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE, <br><br>          Plaintiff, <br><br>          v. <br><br> CHAD F. WOLF, *et al,* <br><br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 19-3787 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c) and upon the request of the parties in the above-captioned matter, that the following Stipulated Protective Order shall govern the exchange of confidential, protected information in connection with this case.

1. Protected Information: Protected Information is defined as any identifying information that reveals the Plaintiff's identity, learned in the course of litigation, including but not limited to Plaintiff's: name; A-number; address; phone number(s); date of birth; signature; name of relatives; name of neighbors; USCIS filing receipt numbers; Honduran ID number; photograph; and name of school.

2. Provision of the Pseudonym Plaintiff's Protected Information: Upon entry of this Stipulated Protective Order, Plaintiff, through undersigned counsel, shall provide the name, date of birth and A-number of the pseudonymous Plaintiff to undersigned defense counsel of record.

3.  <u>Dissemination of the Protected Information</u>:  Undersigned defense counsel of record shall provide Protected Information only to persons regularly in the employ of counsel of record or to persons at U.S. Citizenship and Immigration Services who have a need to know Protected Information for the purposes of litigating this action, including any associated appeals or reviews regarding Plaintiff's claimed entitlement to Special Immigrant Juvenile Status.  In particular, Protected Information shall not be provided to U.S. Immigration and Customs Enforcement. Any persons with whom the Protected Information will be shared must first sign and file with the Court the Acknowledgment of Terms of Stipulated Order (Appendix A). To the extent there is a need to reveal Protected Information to this Court or to any other court, Defendants shall do so in a confidential manner consistent with the terms of this Protective Order.

4.  <u>Use of Protected Information</u>: Protected Information may not be used or disclosed to any person, employed by Defendants or otherwise, for the purposes of pursuing removal proceedings, raising Plaintiff's profile within the agency, or otherwise retaliating against or taking any adverse immigration action against Plaintiff.  Any person learning Protected Information in the course of this litigation, including from the exchange of information pursuant to this Stipulated Protective Order shall use that information solely for purposes of litigating this action and any associated appeals or reviews of the denial of Special Immigrant Juvenile status and shall not disclose it to anyone except persons identified in and permitted by Paragraph 3, absent court order.

5.  <u>Scope of Use</u>: The protections conferred by this Stipulated Protective Order cover Protected Information as defined above. This includes any information copied, extracted, summarized, or excerpted from Protected Information and any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Information.

6.  <u>Filings</u>: This Stipulated Protective Order, governing the exchange of confidential, protected information in connection with this action, is without prejudice to Chief Judge Howell's Order of December 23, 2019, *see* Order, Dec. 23, 2019, ECF No. 2, allowing Plaintiff to proceed by pseudonym.  All provisions thereof remain in effect and binding upon the parties. The parties agree that any public filings shall use the Plaintiff's pseudonym, Jane Doe, and that any Protected Information, as defined, shall be redacted to prevent revealing Plaintiff's identity.

7.  <u>Duration</u>: Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect unless and until counsel for Plaintiff and Defendants agree otherwise in writing or the Order is withdrawn by the Court.

8.  <u>Modifications</u>: Each party reserves the right to seek to modify the terms of this Stipulated Protective Order for good cause related to this litigation.  Before proceeding, counsel for the party seeking to modify the order shall confer with counsel for all parties. Each party reserves the right to object to modifications sought by the other party.

IT IS SO ORDERED, this __28__ day of ___May_____, 2020.

/s/
JOHN D. BATES
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAD F. WOLF, *et al,*<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 1:19-cv-3787-JDB |

### ACKNOWLEDGEMENT OF TERMS OF STIPULATED PROTECTIVE ORDER

By signing below, I represent, covenant and agree that: (1) I have read the provisions of the Stipulated Protective Order filed in the above-captioned matter; (2) I understand and agree to abide by the terms and conditions of the Stipulated Protective Order filed in the above-captioned matter; and (3) I understand that in the event of a breach or other violation of the Stipulated Protective Order filed in the above-captioned matter, I may be subject to an action for damages or other appropriate relief.

SO ACKNOWLEDGED on this _____ day of _____, 2020.

_____
Signature

_____
Print Name

_____
Role on Case